UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WRIGHT,<br><br>                            Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>                            Defendants. | Case No. C20-1452-JCC-MLP<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Matthew Wright is a state prisoner who is currently confined at the Monroe Correctional Complex ("MCC"). He is represented by counsel in this action. This matter comes before the Court at the present time on Plaintiff's motion for leave to amend his complaint to add a new Defendant and new claims to this action. (Dkt. # 16.) Defendants have filed a response in opposition to Plaintiff's motion, arguing that the motion is both procedurally defective and fails on the merits. (Dkt. # 19.) Plaintiff has filed a reply brief in support of his motion. (Dkt. # 21.)

This case concerns the adequacy of the treatment provided to Plaintiff at MCC to address his mental health concerns. (*See* Dkt. # 3-1.) According to Plaintiff, in mid-2018 he was

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 1

experiencing symptoms of insomnia, anxiety, and weight loss which he attributed to the stress surrounding a previous lawsuit he filed against the Washington Department of Corrections ("DOC") and its employees, including stress associated with the events giving rise to that lawsuit. (*Id*. at 3-4 (¶¶ 15, 16).) These symptoms led Plaintiff to seek mental health treatment, and it is the alleged inadequacies in Defendants' response to Plaintiff's efforts to obtain care that gave rise to the instant action. (*See id*. at 4-20.) In his original complaint, which was filed in state court and removed here by Defendants, Plaintiff asserted an Eighth Amendment deliberate indifference claim, a First Amendment retaliation claim, and state law negligence claims. (*See id*.) Plaintiff identified as Defendants in his complaint the State of Washington, the DOC, Clinical Psychologist Arthur G. Davis, Ph.D., DOC Director of Mental Health Dr. Karie Rainer, and MCC Psychology Associate Jennifer Watanabe, LMHC. (*Id*. at 1, 3.)

Plaintiff now seeks leave to amend his complaint to add Elke Jackson, a Health Care Manager at MCC, as a Defendant to this action. (Dkt. # 16 at 1.) He also seeks to add a claim under the Rehabilitation Act ("RA") and the Americans with Disabilities Act ("ADA"), apparently against the DOC. (*Id*. at 1-2.) Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." Five factors are typically considered when assessing the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

As noted above, Defendants oppose Plaintiff's request to amend on both procedural and substantive grounds. Defendants' assertion that Plaintiff's motion is procedurally defective is

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 2

based on Plaintiff's failure to submit with his motion a proposed amended pleading indicating how that pleading differed from the prior pleading as required by Local Civil Rule (LCR) 15. (*See* Dkt. # 19 at 2-3.) Plaintiff arguably corrected that deficiency when he submitted a proposed amended pleading which complied with the requirements of LCR 15 in conjunction with his reply brief. (*See* Dkt. # 22, Ex. A.) The Court therefore declines to deny Plaintiff's motion on procedural grounds.

With respect to the substance of Plaintiff's proposed amended complaint, Defendants argue that Plaintiff's proposed new claims fail to state plausible claims for relief and that amendment is therefore futile. Defendants further argue that they would be prejudiced by amendment. The Court takes each of these arguments in turn.

1. *Elke Jackson*

Plaintiff's proposed amended complaint identifies Elke Jackson as a Defendant and includes Ms. Jackson in Plaintiff's claims alleging First Amendment retaliation and negligence. (*See* Dkt. # 17, Ex. A at ¶¶ 11, 123-34.) The only specific factual allegations set forth in the proposed amended complaint pertaining to the conduct of Ms. Jackson are that she asked Plaintiff to provide more detail in a Care Review Committee ("CRC") Patient Appeal and that she thereafter failed to forward the appeal form once Plaintiff had rewritten it. (*Id.*, Ex. A, ¶¶ 79, 83, 88.) Defendants argue that Plaintiff fails to plausibly allege either a retaliation claim or a negligence claim against Ms. Jackson.[1] (Dkt. # 19 at 5.) The Court concurs.

A viable claim of First Amendment retaliation in the prison context has five basic elements:

---

[1] Defendants also argue that Plaintiff fails to plausibly allege an Eighth Amendment claim as well. (Dkt. # 19 at 4.) The record makes clear, however, that Plaintiff has not included Ms. Jackson in the portion of his proposed amended complaint alleging an Eighth Amendment violation. (*See* Dkt. # 17, Ex. A at 19-20.)

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 3

"(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)*; see also Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994) (per curiam). In order to ultimately prevail on a retaliation claim, "a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (citation and internal quotation omitted).

Assuming the alleged failure of Ms. Jackson to forward the CRC appeal can be deemed an "adverse action" under the standard set forth above, Plaintiff fails to allege facts which plausibly connect the alleged failure to process the appeal to any protected conduct. Plaintiff claims that during his mental health sessions with Dr. Christine Gomes, a non-Defendant, he showed her a tort claim which she subsequently shared with others, including Ms. Jackson. (Dkt. # 17, Ex. A, ¶ 90.) However, Plaintiff does not specify when this disclosure occurred nor does he plausibly allege that this disclosure motivated Ms. Jackson to interfere with his CRC appeal. Notably, the tort claim at issue is one in which Ms. Jackson was merely named as a witness. (*See* Dkt. # 20, Ex. 1; Dkt. # 21 at 4.) Plaintiff's description of his tort claim makes no reference whatsoever to Ms. Jackson. (*See* Dkt. # 20, Ex. 1.) The fact that Ms. Jackson may have been tangentially involved in Plaintiff's tort claim, and that she may have been made aware of this involvement at some unspecified point in time by a fellow MCC employee, is insufficient to raise a reasonable inference that Ms. Jackson's failure to process Plaintiff's CRC appeal was tied to Plaintiff's exercise of his First Amendment rights.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 4

Plaintiff, in his reply in support of his motion, suggests that Ms. Jackson had greater involvement in his First Amendment activities than is alleged in his proposed amended complaint and that he should have an opportunity to fully explore that activity in discovery. (Dkt. # 21 at 4.) However, so far as this Court can discern from the materials currently before it, Plaintiff's retaliation claim against Ms. Jackson is based on nothing more than speculation and it thus appears that permitting Plaintiff to amend his complaint to add Ms. Jackson as a Defendant would be futile in relation to this claim.

To the extent Plaintiff attempts to assert negligence claims against Ms. Jackson in his proposed amended complaint, the effort necessarily fails because Plaintiff has apparently filed no tort claim pertaining to the conduct of Ms. Jackson. The filing of a tort claim is a necessary prerequisite to an individual filing a court action against a state employee for damages arising out of alleged tortious conduct. *See* RCW 4.92.100; RCW 4.92.110. While Plaintiff did file a tort claim relating to this action with the Washington State Office of Risk Management (dkt. # 20, Ex. 1), he did so before the conduct attributed to Ms. Jackson occurred. Plaintiff offers nothing to suggest that he filed any subsequent tort claim pertaining to this action. Accordingly, permitting Plaintiff to amend his complaint to add Ms. Jackson as a Defendant in relation to his negligence claims would also be futile.

    2.    *Rehabilitation Act/Americans with Disabilities Act*

Plaintiff also seeks to add to this action an RA/ADA claim. (*See* Dkt. # 16 at 1.) Defendants argue that Plaintiff's proposed amended complaint does not state a plausible RA/ADA claim. According to Defendants, Plaintiff appears to be raising two theories under the RA/ADA: "(1) that DOC failed to accommodate his mental health condition, presumably by

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 5

excusing him from work and placing him in a single cell and (2) that DOC failed to adequately treat his mental illness because they were only providing weekly counseling sessions." (Dkt. # 19 at 6.) Defendants maintain that neither theory states a plausible claim against the DOC, and they go on to identify the legal authority which they believe supports that position. (*Id*. at 7.) Plaintiff argues that Defendants have not presented sufficient legal support to establish that his RA/ADA claim is futile. (Dkt. # 21 at 5-6.)

The Court, having reviewed the parties' arguments, is not persuaded at this juncture that it would necessarily be futile to permit Plaintiff to amend his complaint to add an RA/ADA claim and the Court will therefore permit this proposed amendment.

### 3. *Prejudice to Defendants*

Finally, Defendants argue that permitting Plaintiff to amend his claims will prejudice them. (Dkt. # 19 at 8.) Defendants note that Plaintiff has expanded on his original claims which pertained to his efforts to obtain mental health treatment between mid-2018 and the time he filed this action in August 2020, to now include allegations that he continues to be denied adequate treatment. (*See* Dkt. # 8.) Defendants argue that allowing Plaintiff to expand his claims will delay resolution of the claims against two of the Defendants who are his former providers and who have a strong interest in resolving a case that alleges negligence on their part. (*Id*.)

While it is true that Plaintiff has added a substantial number of factual allegations which pertain to events that occurred subsequent to the filing of his original complaint, it does not appear that these additional allegations will have any appreciable effect on Plaintiff's claims except, perhaps, the newly alleged RA/ADA claim. The new allegations are not likely to cause Plaintiff's negligence claims to be expanded because it does not appear that Plaintiff has filed a

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 6

tort claim pertaining to these new allegations which, as noted above, is a prerequisite to pursuing the claims in court. Likewise, it does not appear that the new allegations will cause Plaintiff's First and Eighth Amendment claims to be expanded because, aside from a couple of references to Defendant Karie Rainer, the new allegations do not pertain to the conduct of the existing individual Defendants and the State itself is not a proper party in relation to such claims. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64-66 (1989) (states and state agencies are not "persons" subject to suit under § 1983). In sum, the Court is not persuaded that Defendants will suffer any significant prejudice as a result of the limited amendments permitted by this Order.

### III.   CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to amend his complaint (dkt. # 16) is GRANTED with respect to Plaintiff's request to add an RA/ADA claim to this action and DENIED with respect to Plaintiff's request to add Elke Jackson as a Defendant. The Clerk is directed to file Plaintiff's proposed amended complaint. (Dkt. # 17, Ex. A.) The current scheduling order remains in place which means the parties should be actively conducting discovery at this juncture. The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable John C. Coughenour.

DATED this 2nd day of April, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO AMEND - 7