THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WRIGHT,<br><br>            Plaintiff,<br>    v.<br>STATE OF WASHINGTON, *et al.*,<br><br>            Defendants. | CASE NO. C20-1452-JCC<br><br>ORDER |

This matter comes before the Court on the parties' objections (Dkt. Nos. 42, 43) to the report and recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 41). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby OVERRULES the parties' objections, ADOPTS and APPROVES the R&R, and GRANTS in part Defendants' motion for summary judgment for the reasons explained herein.

I.    **BACKGROUND**

Plaintiff brings 42 U.S.C. § 1983 claims alleging constitutional violations, claims for violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("RA"), and state tort-based claims. (*See* Dkt. No. 26 at 19–26.) Judge Peterson's R&R sets forth the allegations supporting each claim, which the Court will not repeat here. (*See* Dkt. No. 41 at 2–14.) The R&R recommends that the Court grant summary judgment to Defendants in part and

dismiss Plaintiff's federal claims with prejudice and decline to exercise supplemental jurisdiction on Plaintiff's state law claims. (*See* Dkt. No. 41 at 16–40.) Plaintiff lodges broad objections to the R&R; Defendants object to one aspect of the R&R, as described below. (*See generally* Dkt. Nos. 42, 43.)

## II.  DISCUSSION

A district court reviews *de novo* those portions of an R&R to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). The district court is not required to review "any issue that is not the subject of an objection." *Id.* at 149.

### A.  Plaintiff's Objections

#### 1.  Disputed Issues

In his objections, Plaintiff first contends that Judge Peterson improperly weighed evidence and resolved disputed issues in Defendants' favor. (Dkt. No. 43 at 2–5.) Even if this were true, something the Court expresses no opinion on, the Eighth Amendment violations upon which Plaintiff's objections are based have a more fundamental flaw—they lack a basis in law.

For a prisoner to state an Eighth Amendment violation based on inadequate medical care, he must allege facts demonstrating deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A difference of opinion regarding medical care does not meet this standard. *See Jackson v. Mcintosh*, 90 F.3d 330, 332 (9th Cir.1996). Nor does delayed treatment, absent properly supported allegations of substantial harm. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). Plaintiff's allegations represent disagreements regarding the severity of his symptoms, the nature of his disorder, and the treatment Dr. Davis and Ms. Watanabe devised—none of which create colorable claims. (*See* Dkt. No. 33 at 4–10, 12–19.)

#### 2.  Disability-Based Claims

Plaintiff next contends that Judge Peterson misapprehended his alleged disabilities and

1  inappropriately relied on Defendants' assertions regarding the veracity of those disabilities. (Dkt.
2  No. 43 at 5–7.) Again, even if this were true, this would not provide the Court with a basis to
3  sustain Plaintiff's objection. This is because Plaintiff's disability-based allegations do not
4  address what benefit, service, or activity Defendants denied Plaintiff by virtue of his disabilities.
5  (*See* Dkt. No. 33 at 20–22.) This is fatal to any claim predicated on an ADA Title II or an RA
6  § 504 violation. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

        3.    <u>Exhaustion</u>

Plaintiff also takes issue with Judge Peterson's determination that he had not exhausted administrative remedies prior to brining suit on Dr. Davis's alleged August 2019 retaliatory action. (Dkt. No. 43 at 7–10.) At issue is whether the institution's five-grievance limit effectively barred Plaintiff from exhausting remedies prior to filing suit.

Plaintiff argues that resubmitting his grievance regarding the August 2019 incident, as Judge Peterson suggested, was impractical, as it would put him over the limit and result in an infraction. (*Id.* at 43.) But this contention is contradicted by Plaintiff's own evidence in support of his objection. (*See* Dkt. No. 44-1 at 7.) Plaintiff did, in fact, submit another grievance after the point at which he now alleges that he was effectively barred from doing so. (*See id.*) While that grievance was ultimately denied, it was not because he was over the limit. (*Id.* at 7–8.) In order to establish a genuine issue precluding summary judgment, Plaintiff must present evidence that would allow "a reasonable jury" to "return a verdict for [Plaintiff]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Frankly, Plaintiff's evidence does just the opposite. The Court cannot foresee a scenario where a reasonable jury could find that Plaintiff was unable to resubmit his grievance regarding the August 2019 incident prior to filing suit, given the evidence presented of his later-filed grievance.

Plaintiff's objection on the exhaustion issue is without merit.

//

//

ORDER
C20-1452-JCC
PAGE - 3

4. <u>Frivolousness Finding</u>

Finally, Plaintiff challenges Judge Peterson's determination that his action is frivolous.[1] (Dkt. No. 43 at 10–11.) This objection is predicated on the success of Plaintiff's earlier objection regarding Judge Peterson's exhaustion analysis. (*See id.*) Because the Court finds Plaintiff's objection on that issue meritless, it must also find this objection meritless.

Accordingly, Plaintiff's objections to the R&R (Dkt. No. 43) are OVERRULED.

**B.   Defendants' Objection**

Defendants' sole objection is to Judge Peterson's recommendation that the Court decline to exercise supplemental jurisdiction on Plaintiff's state law claims following dismissal of all federal claims. (*See* Dkt. No. 42.) Instead, Plaintiffs ask the Court to reach the merits of those claims in the hope that the Court will also find them frivolous. (*Id.* at 3.) Such a finding would, conclusively, bar Plaintiff from attaining filing fee waivers for future suits filed in Washington Courts. (*Id.* at 3 (citing RCW 4.24.430).) The Court declines Plaintiff's request. Resolution of Plaintiff's state law claims and their resulting impact on his ability to attain fee waivers in Washington Courts is an issue best left to a Washington Court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (state law decisions should be avoided "as matter of comity").

Accordingly, Defendants' objection to the R&R (Dkt. No. 42) is OVERRULED.

### III.   CONCLUSION

For the foregoing reasons the Court hereby ORDERS that:

1. The R&R (Dkt. No. 41) is ADOPTED and APPROVED;
2. Defendants' motion for summary judgment (Dkt. No 30) is GRANTED in part;
3. Plaintiff's federal claims are DISMISSED with prejudice and Plaintiff's state claims are DISMISSED without prejudice (Dkt. No. 26); and

---

[1] An action is frivolous, if it is "of little weight or importance" and has "no basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

4.	The Clerk is DIRECTED to send copies of this Order to counsel of record and to Judge Peterson.

DATED this 25th day of February 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE