THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MATTHEW WRIGHT,<br><br>    Plaintiff,<br><br> v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>    Defendants. | CASE NO. C20-1452-JCC<br><br>MINUTE ORDER |

  The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

  This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 50) of the Court's order (Dkt. No. 48) adopting the report and recommendation ("R&R") of the Honorable Michelle Peterson, United States Magistrate Judge (Dkt. No. 41). Plaintiff asserts the Court committed manifest error[1] when it (a) dismissed Plaintiff's retaliation claim with prejudice, (b) determined that Plaintiff's claims were frivolous even though Plaintiff never sought *in forma pauperis* treatment from the Court, and (c) referred to Plaintiff rather than Defendants as the party seeking a frivolousness determination on Plaintiff's state law claims. (Dkt. No. 50 at 2–3.)

---

[1] While motions for reconsideration are disfavored, the Court will entertain them upon a showing of manifest error. LCR 7(h)(1).

MINUTE ORDER
C20-1452-JCC
PAGE - 1

The Court declines to reconsider whether Plaintiff's retaliation claim should be dismissed with or without prejudice. Judge Peterson recommended dismissal with prejudice. (*See* Dkt. No. 41 at 28, 40.) Defendant did not object to this recommendation. (*See generally* Dkt. No. 43.) While this Court's review of an R&R is *de novo*, it is nevertheless limited to those portions of an R&R to which a party *properly objects*. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). To do otherwise would not serve the interest of "judicial economy" upon which the Magistrates Act is based. See *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

As to the issue of frivolousness, the Court clarifies that its finding on Plaintiff's federal claims is for purposes of RCW 4.24.430—not the Prison Litigation Reform Act. That being said, the Court must correct the record. Defendants—not Plaintiff—sought this determination. (*See* Dkt. No. 30 at 22–24).[2] Docket Number 48, page 4, lines 10–16 is, therefore, MODIFIED as follows:

> Instead, ~~Plaintiffs~~ **Defendants** ask the Court to reach the merits of those claims in the hope that the Court will also find them frivolous. (*Id.* at 3.) Such a finding would, conclusively, bar Plaintiff from attaining filing fee waivers for future suits filed in Washington Courts. (*Id.* at 3 (citing RCW 4.24.430).) The Court declines ~~Plaintiff's~~ **Defendants'** request. Resolution of Plaintiff's state law claims and their resulting impact on his ability to attain fee waivers in Washington Courts is an issue best left to a Washington Court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (state law decisions should be avoided "as matter of comity").

To summarize, the Court DENIES Plaintiff's motion for reconsideration but MODIFIES its prior order as indicated above to correct a scrivener's error.

DATED this 23rd day of March 2022.

Ravi Subramanian
Clerk of Court

s/Sandra Rawski
Deputy Clerk

---

[2] The distinction is ultimately immaterial—the Court's order contained a scrivener's error, nothing more.

MINUTE ORDER
C20-1452-JCC
PAGE - 2