THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WRIGHT,<br><br>                    Plaintiff,<br><br>        v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>                    Defendants. | CASE NO. C20-1452-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion for attorney fees (Dkt. No. 53). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

After the Court dismissed with prejudice that portion of Plaintiff's First Amended Complaint containing Section 1983 claims, (*see* Dkt. Nos. 41, 48), Defendants moved for an award of $9,000 in attorney fees. (Dkt. No. 53 at 1–5 (citing 42 U.S.C. § 1988(b)).) They urge the Court to use its discretion to grant their request, given the Court's finding that Plaintiff's action was frivolous. (*See id.* at 1–3 (citing Dkt. No. 41 at 39).)

In an action asserting Section 1983 claims, a prevailing party may seek attorney fees. 42 U.S.C. § 1988(b). However, whether to grant such an award is an exercise of judicial discretion. *Id.* While a Plaintiff's unrelenting pursuit of frivolous claims can support such an award, *see Coverdell v. Dept. of Soc. and Health Services, State of Wash.*, 834 F.2d 758, 770 (9th Cir.

1987), the Court finds such an award inappropriate here.

As a threshold matter, the Court notes that Defense counsel's declaration does not include detailed time records. (*See* Dkt. No. 54.) In fact, the declaration appears to be an after-the fact accounting of some portion of the time spent on this matter. (*Id.*) A request for attorney fees should be supported by contemporaneous records of time spent. *See Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000). While Defendants' evidentiary deficiency is not a basis to deny their request in its entirety, it warrants at least a reduction in the fees sought. *Id.* But, in this instance, when this deficiency is coupled with other deficiencies in Defendants' request, the Court's concludes that no fees should be awarded.

Additional deficiencies in Defendants' request include the following: First, some undetermined portions of Defense counsel's time relates to Plaintiff's state-law causes of action, which the Court never reached the merits of and are separate from Plaintiff's Section 1983 claims. (*See* Dkt. Nos. 41 at 38, 48 at 4.) Second, Defendants failed to adequately mitigate the fees they incurred. They could have moved to dismiss Plaintiff's claims *before* seeking discovery, but did not. This is particularly curious since the Court ultimately concluded that Plaintiff's First Amended Complaint fails to state causes of action for violations of federal law. (*See* Dkt. No. 48 at 2–3.) As a matter of equity, this counsels for at least a reduction in fees awarded. And third, Defendants removed the case to this Court. (*See* Dkt. No. 1 (notice of removal).) While this has no bearing on the application of 42 U.S.C. § 1988(b), Defendant's strategic decision may have added to the fees incurred. But by how much is unknown, as detailed records were not provided.

Looking at the totality of the circumstances, the Court finds that an attorney fee award is not warranted. Defendants' motion (Dkt. No. 53) is DENIED without prejudice. Defendants may pursue reimbursement of the fees incurred defending at least Plaintiff's state law claims in state court.

//

1   DATED this 4th day of April 2022.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE